UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORNELL M. JONES,

        Plaintiff,

                                          Case No. 10-CV-12441
vs.                                        HON. GEORGE CARAM STEEH

TAMMY BERRY,

        Defendant.

_____/

## AMENDED[1] ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (#2), AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)

Plaintiff Cornell M. Jones filed a *pro se* complaint and application to proceed without prepayment of fees on November 5, 2009. Upon reviewing the application, the court is persuaded that Jones is unable to pay the fees associated with the filing of his complaint. Plaintiff's application to proceed without the prepayment of fees, or *in forma pauperis* ("IFP"), is hereby GRANTED. *See* 28 U.S.C. § 1915(a)(1).

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this court must dismiss Jones' complaint upon determining that his complaint fails to state a claim on which relief may be granted. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997). To state a claim upon which relief may be granted, the plaintiff's factual allegations must present plausible claims. *Bell*

---

[1] The only difference between the amended order and the original order is that the case caption on the original order identified the incorrect defendant. The amended order identifies the correct defendant and is the same in all other respects to the original order.

–1–

*Atlantic Corp. v. Twombly,* 550 U.S. 544, 564, 127 S. Ct. 1955, 1970 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland,* 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic,* 127 S. Ct. at 1965).

Jones alleges that he filed a complaint with an entity he refers to as the Department of Energy, Labor and Economic Growth. It is unclear if this is a federal or state entity. He brings this action against an individual named Tammy Berry, who plaintiff claims was the investigator assigned to investigate his complaint. Plaintiff indicates that he is dissatisfied with the investigation she conducted in regard to his complaint.

Jones fails to allege the deprivation of a constitutional right, or a violation of the laws or treaties of the United States. *See* 28 U.S.C. § 1331. To the extent Jones alleges a state law claim, Jones has not alleged facts that could support a finding of federal diversity jurisdiction. *See* 28 U.S.C. § 1332. Jones does not indicate that defendant Berry is a citizen of a different State, nor that the matter in controversy exceeds the sum of $75,000.00. *Id.*

Accordingly,

Plaintiff Cornell M. Jones June 22, 2010 complaint is hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *McGore*, 114 F.3d at 612.

SO ORDERED.

Dated: June 30, 2010

        s/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 30, 2010, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk