UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORNELL M. JONES,

        Plaintiff,

vs.

Case No. 10-CV-12441
HON. GEORGE CARAM STEEH

TAMMY BERRY,

        Defendant.

_____/

ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION [#7],
REOPENING CASE, AND DIRECTING PLAINTIFF TO FILE AN AMENDED
COMPLAINT

Plaintiff Cornell M. Jones filed a *pro se* complaint and application to proceed without prepayment of fees on June 22, 2010. On June 30, 2010, this court entered an amended order granting plaintiff's motion to proceed in forma pauperis and dismissing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because plaintiff did not allege sufficient facts to establish that his complaint set forth plausible claims upon which relief could be granted. *See* Dkt. No. 6 at 1-2. Specifically, the court held:

> Jones alleges that he filed a complaint with an entity he refers to as the Department of Energy, Labor and Economic Growth. It is unclear if this is a federal or state entity. He brings this action against an individual named Tammy Berry, who plaintiff claims was the investigator assigned to investigate his complaint. Plaintiff indicates that he is dissatisfied with the investigation she conducted in regard to his complaint.
> Jones fails to allege the deprivation of a constitutional right, or a violation of the laws or treaties of the United States. *See* 28 U.S.C. § 1331. To the extent Jones alleges a state law claim, Jones has not alleged facts that could support a finding of federal diversity jurisdiction. *See* 28 U.S.C. § 1332. Jones does not indicate that defendant Berry is a citizen of a different State, nor that the matter in controversy exceeds the sum of $75,000.00. *Id.*

-1-

*Id.* at 2.

On August 13, 2010, plaintiff filed a document, which the court construes as a motion for reconsideration of this court's June 30, 2010 order dismissing his complaint. *See* Dkt. No. 7. Plaintiff indicates that defendant Tammy Berry is the owner of Happy's Face Pizza. He further states that from 2007 through 2009 he was a non-exempt employee at Happy's Pizza. Additionally, he asserts that he is bringing this cause of action against Ms. Berry under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* (FLSA), because he worked overtime while he was employed at Happy's Pizza and was not compensated for overtime work.

Federal Rule of Civil Procedure 8(a)(2) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "A document filed *pro se* is 'to be liberally construed' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 90 (2007) (internal citation omitted.) However, the complaint must provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

It appears that plaintiff brings this action based on an alleged deprivation of his federal rights, specifically he alleges a violation of § 7 of the FLSA, which requires employers to pay overtime compensation for time worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(1). However, it is still unclear to the court whether plaintiff intends to bring suit solely against Ms. Berry, whether she is the owner of Happy's Pizza LLC or a franchise owner, information that will assist the United States Marshal in effectuating service of process once plaintiff's amended complaint is filed. It is further unclear whether plaintiff

brings suit against Happy's Pizza LLC, which he incorrectly refers to as Happy's Face Pizza. Plaintiff has been granted leave to proceed in forma pauperis, therefore the court must order the United States Marshal to effectuate service of the summons and complaint upon the defendants once plaintiff's amended complaint is filed with the court. *Byrd v. Stone*, 94 F. 3d 217, 219 (6th Cir. 1996). The plaintiff must provide the court with sufficient information to identify the defendants. *Id.* (citing *Graham v. Satkoski*, 51 F. 3d 710, 713 (7th Cir. 1995)). Therefore, the court orders plaintiff to file an amended complaint within twenty-one days of the date of this order together with sufficient information to identify the defendant and assist the Marshal in serving the defendant. Failure to file an amended complaint, or otherwise comply with this order will result in dismissal of plaintiff's cause of action.

Accordingly,

Plaintiff's motion for reconsideration [#7] is granted.

This cause of action is reopened.

Plaintiff shall file an amended complaint within twenty-one (21) days from the date of this order (October 19, 2010).

SO ORDERED.

Dated: September 28, 2010

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

A Copy of this Order was served upon Cornell Jones, 12146 Kentucky, Detroit, MI 48204 on September 28, 2010, by ordinary mail.

s/Marcia Beauchemin
Deputy Clerk